**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 1:25-cv-23279-ALTONAGA/Reid**

JOSEPH FIGAS as Personal
Representative of the Estate of
CATHRYN ANNE FIGAS,

      Plaintiff,

v.

PRINCESS CRUISE LINES, LTD.,
a Foreign Corporation,

      Defendant.

_____/

**DEFENDANT'S MOTION TO DISMISS**
**COUNTS III AND IV OF PLAINTIFF'S COMPLAINT**

Defendant, PRINCESS CRUISE LINES, LTD. ("Princess"), by and through undersigned counsel and pursuant to Federal Rule of Civil Procedure 12(b)(6), moves to dismiss Counts III and IV of Plaintiff's Complaint [ECF No. 1], and states as follows:

**I.    INTRODUCTION**

JOSEPH FIGAS ("Plaintiff") alleges CATHRYNE ANNE FIGAS suffered a stroke while sailing onboard the *Emerald Princess* cruise ship in July 2024. Plaintiff filed a four-count Complaint against Princess for (1) Vicarious Liability for Negligence of Medical Staff (Actual Agency / Respondeat Superior); (2) Vicarious Liability for Negligence of Medical Staff (Apparent Agency/Respondeat Superior); (3) Vicarious Liability for Negligence of Non-Medical Personnel (Actual Agency/Respondeat Superior); and (4) Direct Liability for Negligence (Including Negligent Hiring). *See generally* ECF No. 1.

1

Defendant now seeks dismissal of Counts III and IV of Plaintiff's Complaint. Specifically, Count III "Vicarious Liability for Negligence of Non-Medical Personnel" fails to state a claim as a matter of law and must be dismissed. Count III is titled "Vicarious Liability," yet pleads none of the required allegations for vicarious liability under general maritime law. Rather, this Count reads as a direct liability claim against Defendant Princess and asserts an inapplicable negligent mode of operation theory.

Further, Count IV "Direct Liability for Negligence (Including Negligent Hiring)" fails to properly state a claim for negligence as a matter of law and must be dismissed. Even as suggested by its title, Count IV is a shotgun pleading and improperly commingles alleged duties and breaches of different causes of action against Princess, without properly stating a cause of action under the federal pleading requirements. Plaintiff improperly comingles various negligence theories "including negligent hiring" and fails to plead the required legal elements of any specific cause of action.

As such, this Court should dismiss Counts III and IV of the Plaintiff's Complaint, as a matter of law.

## II.    LEGAL STANDARDS

### a.    <u>Motion to Dismiss</u>

"To survive a motion to dismiss [under Rule 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). Pleadings must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555, 127 S.Ct. 1955 (citation omitted). Indeed, "only a

complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 556 U.S. at 679, 129 S.Ct. 1937 (citing *Twombly*, 550 U.S. at 556, 127 S.Ct. 1955).

To meet this "plausibility standard," a plaintiff must "plead[ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678, 129 S.Ct. 1937 (citing *Twombly*, 550 U.S. at 556, 127 S.Ct. 1955). The standard "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id*. (quoting *Twombly*, 550 U.S. at 555, 127 S.Ct. 1955). "[T]he standard 'simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence' of the required element." *Rivell v. Private Health Care Sys., Inc.*, 520 F.3d 1308, 1309–10 (11th Cir. 2008) (quoting *Twombly*, 550 U.S. at 545, 127 S.Ct. 1955).

On a motion to dismiss, "the court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff." *Dusek v. JPMorgan Chase & Co.*, 832 F.3d 1243, 1246 (11th Cir. 2016). Unsupported factual allegations and legal conclusions, however, receive no such deference. *See Iqbal*, 556 U.S. at 679, 129 S.Ct. 1937 ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."). A complaint's "well-pled allegations must 'nudge the claims across the line from conceivable to plausible.' " *Hays v. Page Perry, LLC*, 627 F. App'x 892, 896 (11th Cir. 2015) (cleaned up) (quoting *Twombly*, 550 U.S. at 555, 570, 127 S.Ct. 1955).

### b.   Shotgun Pleadings

A complaint in federal court must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "When a plaintiff files a shotgun pleading, he fails to satisfy these basic requirements. Such a pleading is never plain because it is impossible to comprehend which specific factual allegations the plaintiff intends to support which

of his causes of action, or how they do so." *Est. of Bass v. Regions Bank, Inc.*, 947 F.3d 1352, 1358 (11th Cir. 2020). The Eleventh Circuit has identified four classes of shotgun pleadings. These are pleadings that:

> (1) contain multiple counts where each adopts the allegations of all preceding counts; (2) are filled with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action; (3) do not separate each cause of action or claim into separate counts; or (4) assert multiple claims against multiple defendants but do not specify which defendant is responsible for which acts or omissions.

*Brown v. Air Line Pilots Ass'n*, 813 F. App'x 353, 355 (11th Cir. 2020) (cleaned up). "The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1323 (11th Cir. 2015).

### c.   General Maritime Law

In cases involving alleged torts "committed aboard a ship sailing in navigable waters," the applicable substantive law is general maritime law, the rules of which are developed by the federal courts. *Keefe v. Bahama Cruise Line*, 867 F.2d 1318, 1320 (11th Cir. 1989) (citing *Kermarec v. Copagnie Generale Transatlantique*, 358 U.S. 625, 628 (1959)); *see also Everett v. Carnival Cruise Lines*, 912 F.2d 1355, 1358 (11th Cir. 1990) ("Because this is a maritime tort, federal admiralty law should control. Even when the parties alleged diversity of citizenship as the basis of the federal court's jurisdiction (as they did in this case), if the injury occurred on navigable waters, federal maritime law governs the substantive issues in the case."). In the absence of well-developed maritime law, courts may supplement the maritime law with general common law and state law principles. *See Smolnikar v. Royal Caribbean Cruises, Ltd.*, 787 F.Supp.2d 1308, 1315 (S.D. Fla. 2011).

To allege a negligence claim against a shipowner directly for its own negligence, "a plaintiff must allege that (1) the defendant had a duty to protect the plaintiff from a particular injury; (2) the defendant breached that duty; (3) the breach actually and proximately caused the plaintiff's injury; and (4) the plaintiff suffered actual harm." *Franza v. Royal Caribbean Cruises, Ltd.*, 772 F.3d 1225, 1253 (11th Cir. 2014) (quoting *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1336 (11th Cir. 2012)). "With respect to the duty element in a maritime context, 'a shipowner owes the duty of exercising reasonable care towards those lawfully aboard the vessel who are not members of the crew.' " *Guevara v. NCL (Bahamas) Ltd.*, 920 F.3d 710, 720 (11th Cir. 2019) (quoting *Kermarec v. Compagnie Generale Transatlantique*, 358 U.S. 625, 630, 79 S.Ct. 406, 3 L.Ed.2d 550 (1959)). "This standard 'requires, as a prerequisite to imposing liability, that the carrier have had actual or constructive notice of [a] risk-creating condition, at least where, as here, the menace is one commonly encountered on land and not clearly linked to nautical adventure.' " *Id.* (alteration in original) (quoting *Keefe v. Bahama Cruise Line, Inc.*, 867 F.2d 1318, 1322 (11th Cir. 1989)); *see also Kornberg v. Carnival Cruise Lines, Inc.*, 741 F.2d 1332, 1334 (11th Cir. 1984) (explaining that a shipowner "is not liable to passengers as an insurer, but only for its negligence").

## III.    ARGUMENT

### a.    <u>Count III Fails to State a Claim for Vicarious Liability.</u>

First, Count III does not plead the required elements of vicarious liability and therefore fails. Under general maritime law, vicarious liability holds "an otherwise non-faulty employer [can] be held liable for the negligent acts of [an] employee acting within the scope of employment." *Holland v. Carnival Corp.*, 50 F.4th 1088 (11th Cir. 2022). To prove negligence, "a plaintiff must show that (1) the tortfeasor had a duty to protect the plaintiff from a particular injury, (2) the

tortfeasor breached that duty, (3) the breach actually and proximately caused the plaintiff's injury, and (4) the plaintiff suffered actual harm." *Yusko v. NCL (Bahamas) Ltd.*, 4 F.4th 1164, 1167-68 (11th Cir. 2021).

Here, there are no allegations naming a specific crewmember or a duty that crewmember breached that caused Plaintiff's damages. Absent from Count III are any allegations supporting a theory of Princess's vicarious liability for the negligent acts of specific crewmembers. *See Holland*, 50 F. 4th at 1094 ("[Plaintiff] did not identify any specific crewmember whose negligence caused [his] injury, much less a specific crewmember whose negligence occurred while acting within the scope of his employment – essential parts of any claim seeking to impose vicarious liability on an employer for an employee's negligence."). Here, Plaintiff sets out alleged duties owed by Princess – not its employees – rather than specifically identifying how Defendant's employees breached a duty and how that breach caused his injury. *Smith v. Carnival Corp. & PLC*, No. 22-CV-22853, 2022 WL 16791783, at *3 (S.D. Fla. Nov. 8, 2022) (dismissing vicarious liability claim for same failure); *Roussel v. Carnival Corp.*, No. 22-CV-24087-HUCK, ECF No. 15, (S.D. Fla. Mar. 10, 2023)(dismissing vicarious liability claim for same failure); *see also David v. Carnival Corp.*, No. 22-CV-24155-RAR, ECF No. 33, (S.D. Fla. Aug. 21, 2023)(granting in part a Motion to Dismiss for blending the standards for direct and vicarious liability, "which the Eleventh Circuit has found to be improper.").

The duty and conduct of the shipowner are irrelevant under a theory of vicarious liability for the negligence of its crew. *See Yusko*, 4 F. 4th at 1169 ("[T]he scope of a shipowner's duty has nothing to do with vicarious liability, which is not based on the shipowner's conduct."). The complaint also falls short because it does not set forth a factual predicate about the specific

employee(s) or describe such employee's negligent acts. *See, e.g., Smith*, 2022 WL 16791783. As such, this Court should dismiss Count III for failure to state a claim as a matter of law.

Second, Plaintiff's direct liability allegations pled under a vicarious liability claim render it a shotgun pleading. Despite its vicarious liability title, all of the allegations read as a direct liability claim. "Pleading a direct negligence claim together with a vicarious liability claim, under these circumstances, is improper, confusing, and violates Rule 10(b)." *Wohlford v. Carnival Corp.*, No. 1:17-cv-20703-UU, 2017 WL 7731225, at *3 (S.D. Fla. May 11, 2017); *Gharfeh v. Carnival Corp.*, NO. 17-20499-CIV-GOODMAN, 2018 WL 501270, at *6 (S.D. Fla. Jan. 22, 2018) (finding that single count which commingled claims of vicarious liability with allegations of direct negligence constituted an impermissible shotgun pleading); *see also McFee v. Carnival Corp.*, No. 19-22917-CIV-LENARD/O'SULLIVAN, 2019 WL 13389094, at * 15 (S.D. Fla. February 3, 2020) (discussing improper commingling of claims); *Smith*, 2022 WL 16791783, at *3.

Judge Bloom dismissed a similar claim as a shotgun pleading in *Liles v. Carnival Corp. & PLC*. No. 22-CV-22977, 2023 WL 34644, at *4 (S.D. Fla. Jan. 4, 2023):

> It is evident from the heading Plaintiff provided to Count VI, "Negligence for the Acts of Carnival's Crew, Staff, Employees, and/or Agents, Based on Vicarious Liability" that Plaintiff intended Count VI to be a claim based on vicarious liability. See ECF No. [13] at 20. Nevertheless, the Court agrees with Defendant that the language used and incorporated into Count VI is indicative of a claim for direct liability, and a claim for direct liability should be brought in a separate count.

*Id*.

Similarly here, Plaintiff has given a "Vicarious Liability" title to Count III but has used language indicating a claim for direct liability. As discussed in *Liles*, Count III falls under the third type *Weiland*-style[1] shotgun pleadings because it "commits the sin of not separating into a different count each cause of action or claim for relief." *Id*. (citing *Weiland v. Palm Beach Cnty. Sherriff's*

---

[1] Notably, Plaintiff seems to agree that this type of pleading is deficient (i.e. pleading different types of causes of action into a single count), as the case is cited to and explained in Plaintiff's Complaint at fn. 2.

*Off.*, 792 F.3d 1313, 1323 (11th Cir. 2015)). Therefore, Count III should be dismissed because it improperly commingles direct and vicarious liability allegations.

      b.      **<u>Count III Otherwise Alleges an Inapplicable Negligent Mode of Operation Theory</u>**.

Plaintiff attempts to hold Princess responsible for CATHRYNE ANNE FIGAS's post-stroke medical condition under an inapplicable negligent mode of operation theory. In Count III, Plaintiff alleges Princess failed to "create/or follow policies and procedures" related to the response and medical treatment for Ms. FIGAS's stroke, which proximately caused her damages. *See* ECF No. 1, ¶ 88(a-i)[2]. While these allegations fall under a claim titled vicarious liability, all of the allegations attempt to hold Princess directly responsible for Plaintiff's damages based on its policies and procedures, or alleged lack thereof.

However, such a claim based on Princess's policies and procedures is not recognized under federal maritime law. The Eleventh Circuit in *Malley v. Royal Caribbean Cruises, Ltd.*, 713 F. App'x 905, 910 (11th Cir. 2017) discussed:

> A negligent mode of operation claim is recognized under Florida law as a claim that a business created an unsafe environment through the manner in which it conducts its business. In a Florida negligent mode of operation case, the plaintiff alleges that the company's policies are negligent. The court focuses on the company's general policies and operations, not on the specific incident in which the plaintiff was injured.
>
> No court has ever held that this claim exists in federal admiralty law. All of Plaintiff's citations are to Florida law cases. A basic attribute of a negligent mode of operation claim is at odds with admiralty law's requirement that a cruise ship must have notice of the dangerous condition. Yet, a key feature of a Florida mode of operation claim is that the company need not have notice.

(citations omitted). The *Malley* court ultimately held that the plaintiff could not circumvent maritime law's notice requirement by alleging the shipowner's policies were negligent. *Id.* Courts

---

[2] Plaintiff's Complaint is misnumbered jumping from Paragraph 54 directly to Paragraph 75. To avoid confusion, Defendant uses the same paragraph numbering as contained in the Complaint, ECF No. 1.

in this district have followed suit in finding that federal maritime law does not recognize a claim based on a failure to implement risk management procedures. *See Diaz v. Carnival Corp.*, No. 20-cv-22755-Civ-TORRES, 2021 WL 3934138, at * 8 (S.D. Fla. Aug. 20, 2021) (granting summary judgment on shipowner's alleged failure to have certain policies and procedures in place in scooter case, noting "the fundamental flaw with Plaintiff's final two theories of liability lies in the lack of any showing that the alleged breach of failing to have risk management procedures and safety standards is a recognized duty under federal maritime law"); *Quashen v. Carnival Corp.*, No. 1:20-cv-22299-KMM, 2021 WL 5978472, at *24 (S.D. Fla. Dec. 17, 2021) (citing *Malley* and finding federal maritime law does not recognize a claim based on failure to implement risk management procedures).

Therefore, these allegations which comprise Plaintiff's vicarious liability theory under Count III fail to state a claim for negligence. Plaintiff essentially claims Princess's policies and procedures – the manner in which it conducts its business – caused the damages, rather than focusing on the specific medical incident. As held by the Eleventh Circuit in *Malley*, this claim does not exist in federal maritime law, and should be dismissed.

      c.      **Count IV Should be Dismissed as an Impermissible Shotgun Pleading Improperly Commingling Distinct Claims in a Single Cause of Action.**

Motions to Dismiss based upon commingled claims are governed by Federal Rules of Civil Procedure 8(a) and 10(b). Rule 8(a) of the Federal Rules of Civil Procedure requires "a short and plain statement of the claim that will "give the defendant fair notice of what plaintiff's claim is and the grounds upon which it rests. *Veltmann v. Walpole Pharmacy, Inc.*, 928 F.Supp. 1161 (M.D. Fla. 1996) *citing Conley v. Gibson*, 355 U.S. 41 (1957); *Waxman v. Equitable Life Assur. Society of U.S.*, 2008 WL 619321 (S.D. Fla. 2008)(granting motion to dismiss where the complaint commingled every claim and factual allegation and thereby prevented defendant from forming a

9

reasonable response to the allegations). Rule 10(b) requires that "[i]f so doing would promote clarity, each claim founded on a separate transaction or occurrence…must be stated in a separate count or defense." Fed.R.Civ.P. 10(b).

A shotgun complaint is also one "that does not separate each cause of action or claim for relief into different counts." *Burgess v. Royal Caribbean Cruises Ltd.*, No. 20-CV-20687, 2020 WL 13349026, at *2 (S.D. Fla. Oct. 9, 2020); *Weiland v. Palm Beach Cty. Sheriff's Off.*, 792 F.3d 1313, 1321-23 (11th Cir. 2015)("The third type of shotgun pleading is one that commits the sin of not separating into a different count each cause of action or claim for relief."). "Shotgun pleadings" are disfavored because they make it "virtually impossible to know which allegations of fact are intended to support which claim(s) for relief." *Anderson v. Dist. Bd. of Trustees of Cent. Fla. Cmty. Coll.*, 77 F.3d 364, 366 (11th Cir. 1996).

Here, Plaintiff's Complaint should be dismissed as a "shotgun pleading" as defined in the *Weiland* case, for not separating distinct causes of action into different counts. Specifically, Count IV alleges a cause of action for "Negligence (including Negligent Hiring)" which even by its title suggests separate and distinct claims of negligence. Specifically, Count IV appears to allege causes of action for medical negligence, negligent hiring, negligent training, and potentially other causes of action which Defendant cannot ascertain. ECF No. 1 at ¶¶ 91-95; *see Reed v. Royal Caribbean Cruises, Ltd.*, No. 19-24668-CIV, 2021 WL 2592914, at *9 (S.D. Fla. Apr. 23, 2021); s*ee also Doe v. Carnival Corp.*, 470 F. Supp. 3d 1317, 1324 (S.D. Fla. 2020); *see also Quashen v. Carnival Corp.*, No. 1:20-cv-22299-KMM, 2021 WL 5978472, at *24 (S.D. Fla. Dec. 17, 2021); *Diaz v. Carnival Corp.*, 555 F. Supp. 3d 1302, 1311 (S.D. Fla. 2021)("These allegations are insufficient, however, because these causes of action have a specific set of requirements that must be pled…to state a claim."); *Finch v. Carnival Corp.*, No. 23-CV-21704, 2023 WL 7299780, at *9 (S.D. Fla.

Nov. 6, 2023); *Terry v. Carnival Corp.*, No. 24-cv-22067-ALTMAN/Sanchez, ECF No. 19 (S.D. Fla. Aug. 26, 2024)(striking complaint as shotgun pleading).

Count IV mimics the very definition of shotgun pleadings by generally alleging "negligence" and asserting multiple unrelated and bare conclusory allegations of alleged breaches by Princess in an attempt to form some coherent cause of action without abiding by the pleading requirements. Plaintiff's purposefully confusing allegations make it so Princess cannot reasonably ascertain which, if any, cause of action Plaintiff is asserting against it. Plaintiff's "shotgun pleading" fails to meet the basic pleading requirements set forth in Rules 8(a) and 10(b) and thus Defendant is prevented from forming a reasonable response to the allegations. Therefore, Count IV should be dismissed.

WHEREFORE, Defendant, PRINCESS CRUISE LINES, LTD., respectfully requests that this Court dismiss Counts III and IV of Plaintiff's Complaint [ECF No. 1], and for any further relief this Court deems just and proper.

Respectfully submitted,

GrayRobinson, P.A.
515 North Flagler Drive, Ste. 650
West Palm Beach, Florida 33401
Tel: (561) 268-5727
Fax: (561) 268-5747

By: */s/ Michael Drahos*
Michael J. Drahos
Florida Bar No. 0617059
michael.drahos@gray-robinson.com

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on August 18, 2025, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified,

11

either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to received electronically Notices of Electronic Filing.

*/s/ Michael Drahos*

## SERVICE LIST
## CASE NO. 1:25-cv-23279-ALTONAGA/Reid

Keith Brais, Esq.
Loretta Guevara, Esq.
BRAIS LAW FIRM
Dadeland Office Park
9300 S. Dadeland Blvd., Suite 101
Miami, Florida 33156
Telephone: (305) 416-2901
Facsimile: (305) 416-2902
kbrais@braislaw.com
lguevara@braislaw.com

*Attorney for Plaintiff*

12